24038. RAINEY *v.* THE STATE.

*Grady Gillon,* for plaintiff in error.

*Earl W. Butler, solicitor,* contra.

MacINTYRE, J. Lillie Mae Rainey swore to an affidavit before the judge of the city court of Macon on June 26th, 1933, charging her husband with wife whipping on June 24th, 1933, on which affidavit an accusation was caused to be issued charging said offense. When the case came on to be heard, a jury was regularly impanelled and sworn, after the husband, Robert Rainey, had entered a plea of not guilty. Then the witnesses were sworn. Lillie Mae Rainey, being one of the witnesses, after being duly sworn was called to the witness stand to testify. The judge of said court instructed the said Lillie Mae Rainey to the effect that as she was the wife of the defendant, she was a competent witness against her husband, but that she was not compelled to testify against him, and that if there should be asked her any question that she did not care to answer, she should state that she did not care to answer the question. The solicitor for the State then propounded the question to Lillie Mae Rainey if her husband had struck or beat her. The witness refused to testify; whereupon, the solicitor being unable to make out the case without her testimony, the judge instructed the jury to find a verdict of not guilty. Afterwards, the judge instructed the sheriff to arrest Lillie Mae Rainey and hold her to appear before the court and show why she should not be adjudged in contempt of court for abandoning the prosecution. An attachment for contempt was immediately issued under the Penal Code, § 1109, par 3. Before the attachment was served, demand was made upon Lillie Mae Rainey for the payment of $20, the cost in said case, which she failed to pay. It was agreed that Robert Rainey and Lillie Mae Rainey, at the time of the trial, were living together as husband and wife, and that all differences which existed between them prior to the trial had been forgiven and condoned. The Penal Code, § 1109, provides: "The prosecutor's name shall be endorsed on every indictment, and he shall be compelled to pay all costs and jail fees, upon the acquittal or discharge of the person accused . . .

"1. When the grand jury, by their foreman, on returning 'no bill,' express it as their opinion that the prosecution was unfounded or malicious.

"2. When a jury on the trial of the prosecution finds it to be malicious.

"3. When the prosection is abandoned before trial. When it is thus abandoned, the officer who issued the warrant shall enter a judgment against the prosecutor for all the costs, and enforce it by an execution in the name of the State, or by an attachment for contempt."

Our construction of this section is that subsection 3 applies where the prosecution is abandoned before the trial, that is before the trial has reached such a stage as to put the defendant in jeopardy. Subsection 2 of this section applies when the trial has reached such a stage as to put the defendant in jeopardy and the jury find the prosecution to be malicious. Thus, if before the defendant is put in jeopardy the prosecutrix abandons the prosecution, she may. be liable for the costs, but if the trial before the jury has reached such a stage as to put the defendant in jeopardy, it then becomes a jury question whether or not the prosecution is malicious; and if the jury find the prosecution is malicious, the costs may be assessed against her. We therefore think that it was error for the judge to proceed against the defendant by an attachment for contempt. Having arrived at this conclusion, we do not think it necessary to construe section 1109 in connection with section 1037 of the Penal Code as amended by the act of 1927 (Ga. L. 1927, p. 145 (4)), which makes a wife competent but not compellable to testify against her husband in this class of cases.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*